19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bonnie CRAFT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health &
Human Services,** Defendant-Appellee.
 No. 92-36896.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 18, 1994.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 Bonnie Craft appeals the district court's summary judgment affirming the Secretary of Health and Human Services' decision that she is not disabled within the meaning of the Social Security Act (the Act), 42 U.S.C. Sec. 401 et seq.
 
 
 3
 Craft has many documented infirmities including migraine headaches, mitral valve disease, discoid lupus erythematosus, a hematoma in her leg, and degenerative arthritis of the cervical spine or possible thoracic outlet syndrome. She claims she has been disabled by migraine headaches since June 1987, when she retired early. Before retirement, she worked as a secretary at a county agricultural extension service for 22 years. She has not worked since.
 
 
 4
 Craft's primary physician, Dr. Jack Davis, has treated her for headaches since 1982, although she states she has had headaches since childhood. In November 1986, Dr. Davis referred Craft to Dr. Robert Schimpff, a neurologist, because her headaches were refractory to treatment. Dr. Schimpff has treated Craft occasionally for migraine headaches since 1986.
 
 
 5
 Craft's treatments for headaches have included prophylactic drugs and pain relievers. Sometimes her headaches responded to treatment by decreasing in frequency and/or intensity. She testified that she continues to have headaches up to four times per week and they last four to five hours if she uses medication at the onset but will last up to two days if she does not (e.g., headaches that begin during sleep). She states that nausea, vomiting and sensitivity to light are associated symptoms.
 
 
 6
 Craft is able to do light housework, shop with her husband, visit friends and relatives, listen to the radio, watch TV, and walk for exercise. She also plays cards and golf, square dances, and engages in "all kinds of activities" without problems. Without a headache, she is able to climb stairs, walk one mile, sit without discomfort, stand during part of the day, and lift 25 pounds.
 
 
 7
 Craft contends she quit her job because the progressively worsening headaches interfered with her ability to work. The administrative law judge (ALJ) denied disability benefits because Craft was unable to prove that she was disabled under the Act. The ALJ did not find Craft credible as to the debilitating nature of her headaches. She appealed the Secretary's decision to the district court which granted summary judgment to the Secretary. The Secretary argues the decision should be upheld because Craft could perform her past work.
 
 
 8
 We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 STANDARD OF REVIEW
 
 9
 The Secretary's decision will be upheld if proper legal standards were applied and substantial evidence in the record supports the decision. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992); Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990); Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 575-76 (9th Cir.1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We review "the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion." Matney v. Sullivan, 981 F.2d at 1019. If substantial evidence supports more than one rational interpretation, we must uphold the ALJ's decision. Id.; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984).
 
 DISCUSSION
 
 10
 * A. Reliance on Medical Reports
 
 
 11
 Craft argues the ALJ ignored her treating physicians' opinions in deciding that she is not disabled by headaches. Treating physicians' opinions carry special weight because they are "employed to cure" and have opportunity "to know and observe the patient as an individual." Desrosiers v. Secretary of Health & Human Services, 846 F.2d at 576; Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987). Furthermore, "[c]ourts have recognized the reliability and probative worth of written medical reports...." Richardson v. Perales, 402 U.S. at 405.
 
 
 12
 The ALJ considered and relied on Craft's physicians' written reports in making his decision. Dr. Davis stated he had treated Craft for headaches as early as 1982 and that in September 1986, after continued treatment, she was using less medication and was "doing much better with decreased frequency of migraine." Just one week before Craft applied for disability benefits, Dr. Davis wrote that she had "decreased frequency of her headaches. She is going to be retiring from the Extension Service and she just recently married.... She has been square dancing, [and] doing all kinds of activities...." From these medical records, the ALJ concluded it was likely Craft retired to spend more time with her husband rather than because the headaches interfered with her ability to work. Indeed, Craft was able to go "down south for the summer" and did not see her primary physician for at least five months in 1989.
 
 
 13
 The ALJ also considered Dr. Schimpff's 1987 opinion that Craft "appears to have done farily well with her headaches" using medications. In February 1989, Dr. Schimpff expressed concern for her increased reliance on medication. By June 1989, her headaches had improved with medication. Indeed, only in March 1990 did Drs. Davis and Schimpff characterize Craft as "disabled" by headaches. Dr. Davis stated this was a "dramatic change" from Craft's condition as previously evaluated by him in June 1989. The ALJ considered these opinions, as well as the others, and concluded that "[e]ven if she has been unable to work since February 1990 she has not met the durational requirements for disability" at the time of the hearing.
 
 
 14
 A treating physician's opinion is not conclusive as to the patient's physical condition or disability. Matthews v. Shalala, Magallanes v. Bowen, 881 F.2d at 751. Where medical evidence is conflicting, the ALJ must resolve the conflict. Matney v. Sullivan, 981 F.2d at 1019; Allen v. Heckler, 749 F.2d at 579. The inconsistencies in the medical reports noted by the ALJ are specific and legitimate reasons for rejecting the treating physicians' conclusions about Craft's disability.
 
 B. Consideration of Coworker's Testimony
 
 15
 Craft argues the ALJ did not adequately consider her coworker's testimony. Pursuant to 20 C.F.R. Sec. 404.1513(e)(2) (1993), the Secretary must consider observations by nonmedical sources regarding a claimant's ability to work with her impairment. Sprague v. Bowen, 812 F.2d at 1232. Descriptions by friends who can observe a claimant's symptoms and activities are competent evidence. Id. However, the ALJ must determine credibility and the ALJ's assessment should be given great weight. Magallanes v. Bowen, 881 F.2d at 750; Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.1985).
 
 
 16
 The record shows that the ALJ considered the coworker's testimony regarding Craft's headaches during the eleven years they worked together. The ALJ concluded the coworker was "credible except as to the severity and frequency of the claimant's headaches." Because the ALJ is in the best position to assess credibility and draw conclusions about a witness' testimony, we will not disturb this finding.
 
 C. Consideration of Time Cards
 
 17
 Craft claims the ALJ ignored her time cards which show hours attributed to regular time, sick leave and paid holidays. The time cards do not indicate the reasons for taking either sick leave or paid holiday. Craft testified that "many times" she would "use annual leave [paid holiday] instead of sick leave" because she "didn't like to use all [her] sick leave up in case [she] was sick again." Although the ALJ does not specifically discuss the time cards in his decision, he states that the "record as a whole does not support the claimant's testimony regarding the frequency and severity of her headaches." Craft's time cards and her testimony about using sick leave or paid holiday are part of the whole record considered by the ALJ.
 
 II
 
 18
 Craft raises for the first time on appeal to this court the argument that the record is incomplete because she didn't submit some of the time cards from January 1985 through November 1986. Because Craft did not raise this issue before the ALJ or the district court, we ordinarily would not consider it on appeal. Matney v. Sullivan, 981 F.2d at 1019.
 
 
 19
 In any event, however, the district court noted the missing time cards but commented that they lacked specificity about the reasons for taking sick leave or paid holidays. Craft bears the burden of proving her disability. Matthews v. Shalala, 10 F.3d at 680; Clem v. Sullivan, 894 F.2d at 330. The ALJ has a duty to develop the record by informing himself about facts relevant to his decision. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991). Craft testified about her reasons for using paid holiday instead of sick leave. Because the time cards do not indicate the reasons for her choices, there is nothing to suggest that submitting more cards would add anything substantial to the record. Furthermore, Craft offers no explanation for not submitting all the time cards previously.
 
 CONCLUSION
 
 20
 Considering the record as a whole, there is substantial evidence to support the ALJ's findings and the Secretary's decision denying disability insurance benefits. Neither the ALJ nor the Secretary failed to apply proper legal standards.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3