Samuel A. FERGUSON,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 84–4495
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1985.

Laurel G. Weir, Thomas L. Booker, Philadelphia, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., L. Al Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendant-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

This is Samuel Ferguson's second appeal before this Court in his efforts to receive disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. In our previous opinion, reported at 641 F.2d 243 (5th Cir.1981), we reversed the judgment of

the district court and remanded the case so that it could be returned to the Secretary for further proceedings consistent with our opinion. Upon remand, the Secretary again determined that Ferguson was not disabled. Ferguson again sought judicial review in federal district court, and the court found substantial evidence in the record to support the Secretary's decision. We again reverse.

In remanding this case, the original panel was particularly concerned about the lack of expert testimony regarding Ferguson's ability to engage in substantial gainful activity and the absence of competent medical evidence concerning claimant's ability to control his drinking. See 641 F.2d at 249–50. At the hearing following the Secretary's remand to the ALJ, a vocational expert testified that claimant was capable of performing such light work as a bulldozer operator, hand ornamenter, dicer operator, flagman, mattress string tier, or car clean-up man and such sedentary work as a potato chip sorter, self-service gas station attendant, or bread bagger. The expert further stated, however, that there was no work that Ferguson could perform if he could not control his drinking.

Ferguson testified that he drank at least half of a case of beer daily and that he just could not stop drinking. His testimony also revealed that he had worked for several months in 1980 running a front end loader, but that he was eventually fired for drinking on the job. Ferguson further testified that he suffered continuous pain in his back and neck as the result of an automobile accident, that one of his lungs was damaged in that same accident and as a result he had difficulty in breathing, and that his right leg had been seriously burned in a subsequent accident.

Additional testimony was given by Ferguson's brother, James. He stated that the claimant drinks about 75% of the time, despite efforts by himself and other family members to get claimant to stop his abuse of alcohol.

Ferguson also submitted a report by a treating physician, Dr. Giffin, a general practitioner. Dr. Giffin stated that Ferguson had been his patient since 1971 and that claimant's basic difficulty at that time was alcoholism. The report also stated that Ferguson has suffered from severe hypertension since 1975, that he had one episode of hypertensive encephalopathy, and that Ferguson had received emergency room treatment on several occasions for hypertension and congestive heart failure. Dr. Giffin further opined that Ferguson's high blood pressure is a basic problem that is aggravated by alcoholism. In conclusion, Dr. Giffin stated: "Either of the above conditions would prevent [claimant] from being gainfully employed and it is my opinion that he is totally disabled."[1] Supp. Record Vol. I at 258.

Following the hearing, the ALJ rendered his decision finding that Ferguson was not disabled. This finding was premised, in large degree, on the fact that Ferguson had worked for several months in 1980. The ALJ stated specifically: "The claimant's alcoholism is not disabling. He has the ability to control his drinking and demonstrated this ability to control it, when, in 1980 he worked for six months as operator of a front end loader in a gravel pit...." Supp. Record Vol. I at 168. Following affirmance by the Appeals Council, the district court reopened the case file and remanded the case back to the Secretary yet again, with instructions that Ferguson undergo a consultative medical examination to determine if he could control his alcoholism.

Pursuant to the district court's order, Ferguson was examined by Dr. Wofford, a Board Certified specialist in internal medicine. Dr. Wofford's report indicated normal findings based on a physical examination, x-rays, an electrocardiogram, and laboratory studies. The report also showed a

---

1. The ALJ found Dr. Giffin's opinion to be "patently lacking in credibility" and not supported by objective or demonstrable medical findings. Supp.Record Vol. I at 164. See 20 C.F.R. §§ 404.1527–404.1528 (1984).

normal stress test exercise and excellent physical endurance. Neurological tests indicated normal mentation with good orientation. Dr. Wofford also indicated that Ferguson was capable of performing heavy work. Finally, the report concluded that Ferguson suffered from chronic, recurrent alcohol abuse. Dr. Wofford made no specific finding, however, as to whether he believed Ferguson could control his abuse of alcohol.

After considering Dr. Wofford's report, along with new evidence[2] submitted by Ferguson, the ALJ found that claimant's alcoholism was not a significant impairment which would compromise his ability to engage in substantial gainful activity. After this decision by the ALJ, Ferguson sought administrative review by the Appeals Council and submitted additional evidence in support of his claim. The additional evidence consisted of reports from the Mississippi State Hospital showing admissions for Ferguson in 1974, January 1982, and May 1982 for treatment of chronic, continuous alcoholism. Also included in this evidence was a copy of a petition dated January 26, 1982, filed by Ferguson's sister requesting that he be detained in a state alcoholic institution, and an accompanying decree of commitment.

Following its consideration of the ALJ's report and Ferguson's new evidence, the Appeals Council concluded:

> Briefly summarized, the record, including the new evidence discussed above, shows that the claimant has had numerous admissions to the Mississippi State Hospital because of his alcoholism, but after detoxification he has been released, and has been described as being in good physical condition. The reports show no medical findings demonstrative of any physical or mental incapacity.

Supp. Record Vol. II at 306. We cannot agree with this conclusion.

As the original panel previously noted, "[i]t is well-settled that alcoholism, alone or combined with other causes, can constitute a disability if it prevents a claimant from engaging in substantial gainful activity." 641 F.2d at 248 & n. 7, *citing Johnson v. Harris*, 625 F.2d 311 (9th Cir. 1980); *Hicks v. Califano*, 600 F.2d 1048 (4th Cir.1979); *King v. Califano*, 599 F.2d 597 (4th Cir.1979); *Lewis v. Califano*, 574 F.2d 452 (8th Cir.1978); *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir.1975). In the instant case, the undisputed medical evidence shows that the claimant suffers from chronic alcoholism. The evidence as summarized above further shows that, despite numerous attempts at rehabilitation, Ferguson has not been able to control his addiction. While it is not disputed that there is substantial evidence to support the finding that Ferguson could do light or sedentary work, it is abundantly clear that he can do no work at all if he cannot control his abuse of alcohol.

We conclude that the ALJ's finding that Ferguson's alcoholism is not a significant impairment which would compromise his ability to engage in substantial gainful activity is not supported by substantial evidence. On the contrary, the record conclusively shows that Ferguson is disabled within the meaning of the Social Security Act. Accordingly, we reverse and remand with instructions to enter judgment in favor of the claimant. *See Johnson v. Harris*, 625 F.2d at 313.

REVERSED AND REMANDED.

GEE, Circuit Judge, specially concurring:

Although I do not dissent from the panel's disposition, I believe that in cases in which a social security claimant who has suffered no end-organ damage is disabled by alcoholism that appears to be uncontrollable it is preferable to condition an award of disability benefits upon the claimant's undergoing treatment for his alcoholism, if such treatment is reasonably available. *See Adams v. Weinberger*, 548 F.2d 239,

---

**2.** This new evidence consisted of copies of citations for public drunkenness on several occasions in 1982 issued by the Mendenhall, Mississippi Police Department.

245–46 (8th Cir.1977); *Sharpe v. Califano,* 438 F.Supp. 1282, 1286 (E.D.Va.1977).[1]

This practice comports with the reasoning underlying 20 C.F.R. § 404.1530 (1984), which denies benefits to a claimant who refuses to follow a prescribed treatment that can restore his ability to work. *See Adams,* 548 F.2d at 246. Medical science cannot predict perfectly those alcoholics who can be cured and those who cannot. Ironically, a claimant who states that he cannot control his drinking may be viewed as a better prospect for rehabilitation than one who refuses to acknowledge his drinking problem. *See* Annot., 39 A.L.R.Fed. 182, 192 (1978). In these circumstances, I am reluctant to conclude from a history of failed recovery attempts that a claimant's alcoholism is irremediable. It is true that "[s]ome alcoholics can stop; more cannot." *Griffis v. Weinberger,* 509 F.2d 837, 838 n. 1 (9th Cir.1975). We shall never know into which category Mr. Ferguson falls if we relieve him of the responsibility of continuing his efforts at recovery.

Cornelia G. Kennedy, Circuit Judge, filed dissenting opinion.

**1.** Compare the requirement of 42 U.S.C. § 1382(e)(3)(A) (1982), implemented by regulations at 20 C.F.R. §§ 416.1720, 416.1725 (1984), that a disabled recipient of Supplemental Security Income who is an alcoholic must undergo treatment in order to maintain his eligibility for SSI. *See McShea v. Schweiker,* 700 F.2d 117, 119–120 (3d Cir.1983).