Henry R. KELLAR, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.

No. 87–6177.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1988.

Decided May 31, 1988.

Merced Martin, Santa Monica, Cal., for plaintiff-appellant.

Judith A. Waltz, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BROWNING, Chief Judge, NELSON and CANBY, Circuit Judges.

NELSON, Circuit Judge:

Henry R. Kellar appeals from the district court's grant of summary judgment for the Secretary of Health and Human Services ("the Secretary") upholding a denial of Supplemental Social Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381, *et seq.* (1982). The district court had jurisdiction pursuant to 42 U.S.C. § 405(g) and we have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

Kellar, age 48 at the time of the hearing, has a ninth grade education. He has worked as a carpenter in high rise commercial buildings. Kellar last worked in 1979. Kellar applied for disability benefits on March 15, 1985. He claimed that alcoholism, diabetes, arthritis and other illnesses had rendered him totally disabled since October 1972.[1] Kellar's application was denied initially and on reconsideration. On April 15, 1986, an ALJ held an evidentiary hearing and denied the claim. The ALJ found that Kellar could not perform his past work as a carpenter. However, the ALJ determined that Kellar retained the residual functional capacity to perform light work and thus was not disabled under the medical-vocational guidelines ("grids"), Rule 202.18, Table No. 2, 20 C.F.R. § 404.1501 *et seq.*, Appendix 2 (1987).

The Appeals Council affirmed the decision on September 5, 1986. Kellar appeal-

---

1. To qualify for disability benefits, the claimant must establish that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least 12 months.... The claimant establishes a prima facie case of disability by showing that her impairment prevents her from performing her previous occupation.... The burden then shifts to the Secretary to show that the claimant can perform other types of work that exist in the national economy, given her residual functional capacity, age, education, and work experience.

*Cotton v. Bowen,* 799 F.2d 1403, 1405 (9th Cir. 1986) (footnote and citations omitted).

ed the Secretary's decision and a federal magistrate held a hearing on April 2, 1987. The magistrate recommended affirming the Secretary's conclusion that Kellar is capable of performing light work. The district court reviewed and adopted the magistrate's recommendations on May 21, 1987. Kellar timely appeals.[2] Kellar seeks attorneys' fees pursuant to 28 U.S.C. § 2412(d)(3).

## STANDARD OF REVIEW

We review the district court's grant of summary judgment for the Secretary de novo. *See Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278 (9th Cir.1987). We affirm a denial of benefits when the Secretary's decision is supported by substantial evidence and is free from legal error. *Sanchez v. Secretary of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir.1987).

## DISCUSSION

### I. Alcoholism

Kellar claims that the Secretary failed to develop the record on his alcoholism fully and fairly. The Secretary contends that Kellar failed to establish that he suffers from chronic alcoholism because he is able to control his drinking.

■ This court has long recognized that severe chronic alcoholism can constitute a disability. *Johnson v. Harris*, 625 F.2d 311 (9th Cir.1980); *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir.1975). Even without evidence of physiological damage, uncontrollable addiction to alcohol can be disabling. *Cooper v. Bowen*, 815 F.2d 557, 560 (9th Cir.1987). As we recently noted in *Cooper*, once Kellar shows that he is a diagnosed alcoholic, the burden shifts to the Secretary to make the inquiry whether Kellar has lost the ability to control his drinking, and whether alcoholism precludes him from obtaining and maintaining employment. *Id.* The *Cooper* court imposed a duty on the Secretary to make a specific finding as to a claimant's ability to control his or her drinking, and its disabling effect whenever there is evidence of alcohol abuse. *Id.* In *Cooper,* the only evidence presented as to drinking established the longevity and severity of the claimant's drinking. *Id.* at 560–61. No evidence of the claimant's ability to control his drinking, such as a prior period of abstinence or successful treatment, was presented. *Id.* at 561. Thus, this court remanded for more specific findings on the voluntariness of claimant's alcoholism.

Kellar's situation differs from that in *Young v. Heckler*, 803 F.2d 963, 966 (9th Cir.1986), where the claimant had not established his inability to perform his prior work. Because the medical evidence was conflicting as to Young's ability to perform his prior work, the court deferred to the ALJ's determination that Young's "pattern of heavy drinking did not disable him from performing his prior work." *Id.* at 966–67. Here, Kellar has shown he is incapable of performing his prior work, and the question we examine is whether Kellar suffers from an uncontrollable addiction to alcohol which impairs his ability to engage in gainful activity. *Cooper,* 815 F.2d at 561.

The ALJ found a history of alcoholism. The ALJ noted that Kellar's diabetes was controllable but made no specific finding on whether his alcoholism was controllable. In affirming the ALJ, the Appeals Council found that Kellar suffers from alcoholism but is able to care for himself and engage in limited social activities. However, such evidence is not determinative of disability. *Id.* The Secretary did not focus upon Kellar's current problems due to alcoholism, but on the diabetic and neurological evidence presented by Kellar. The magistrate recognized Kellar's drinking problem, but affirmed the Secretary's conclusion that

**2.** Kellar reapplied for disability benefits while these proceedings were pending and was determined to be disabled, with benefits commencing April 3, 1987. However, we consider only the evidence of disability before the Secretary and his entitlement to benefits as of March 15, 1985, the date of his initial application. *Cf. Sanchez v. Secretary of Health and Human Servs.*, 812 F.2d 509, 512 (9th Cir.1987) (claimant who reapplied for benefits entitled to benefits as of date of reapplication).

Kellar is capable of performing light work. The district court found that conflicting evidence existed as to the extent of alcoholism and that Kellar had failed to establish that he is a chronic alcoholic or was disabled due to his alcoholism.

■ However, the medical evidence does not support the conclusion that Kellar failed to establish that he is a diagnosed alcoholic. The three doctors who examined Kellar diagnosed him as a "chronic alcoholic," an "alcoholic" and as suffering from "post-alcoholism." Two of the three doctors recommended some form of alcoholism treatment. Two doctors noted that when they examined him, Kellar had poor motivation to abstain from drinking. At the April 1986 hearing, Kellar testified that he had abstained from alcohol since early 1982. He also testified that he had been in a rehabilitation program from November 1979 to July 1980 and had abstained between July 1980 and early 1982 except for one occasion. Kellar told the doctors inconsistent stories about his drinking. At one point, he said that he had not had a drink since 1982. He also said in April 1985 that he was drinking a six-pack a day. On an SSA application form dated March 15, 1985, a recorder smelled alcohol on Kellar's breath and asked if he had been drinking. Kellar denied drinking in the previous two years. The medical records from hospital admissions show various periods of drinking and of abstinence. However, they are based solely on Kellar's reports.

■ Kellar's testimony and his reports to the medical personnel are not sufficient evidence on which to determine the nature and extent of his drinking problem. Although the ALJ did not err by considering Kellar's testimony about his drinking habits, *Young*, 803 F.2d at 966, Kellar's denial of his drinking would not alone be determinative. *Brown v. Heckler*, 713 F.2d 441, 442–43 (9th Cir.1983) (noting propensity of alcoholics to deny or downplay adverse effects of their drinking). Further, Kellar testified to a history of alcohol treatment that apparently has not "cured" him. Thus, there is insufficient proof of a period of abstinence or successful treatment before us to counter the evidence of alcohol abuse in the record. *See Cooper*, 815 F.2d at 560.

The government argues that the medical evidence establishes that Kellar's diabetes and the attendant neuropathy are controllable with proper diet and abstinence from alcohol. However, evidence indicating that Kellar can perform light work only when his alcoholism is under control is not sufficient. *See Johnson v. Harris*, 625 F.2d 311, 313 (9th Cir.1980); *see also Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir.1985). Such conditioning of "controllable alcoholism" on abstinence begs the analysis mandated in *Cooper*.

■ The Secretary did not have the benefit of *Cooper* when he determined that Kellar was not disabled. Thus, the legal inquiry did not focus properly on the problems associated with alcoholism. Thus, we remand in light of *Cooper* for specific findings on Kellar's ability to control his use of alcohol and "whether its use precludes his obtaining and maintaining employment." 815 F.2d at 561. The Secretary should also consider conditioning benefits on Kellar's receipt of treatment for his alcoholism. *Id.*

## II. The Medical–Vocational Guidelines

Kellar contends that the ALJ failed to apply the medical-vocational guidelines ("grids") properly.

The grids enable the Secretary to determine whether appropriate jobs exist in the national economy for various levels of functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1985). Rule 202.18, applied by the ALJ, identifies claimants who, like Kellar, are younger (18–49 years), have a limited education, and have engaged in skilled or semiskilled work without transferable skills. The grids are applicable expressly to both exertional and nonexertional limitations. *Cooper v. Bowen*, 815 F.2d 557, 560 (9th Cir.1987); *Razey v. Heckler*, 785 F.2d 1426, 1430, *amended* 794 F.2d 1348 (9th Cir.1986).

We do not reach Kellar's claim that his combination of impairments is not addressed adequately by the grids. We note

that this court has "previously determined that 'if the grids fail to describe *accurately* a claimant's particular limitations, the Secretary may *not* rely upon the grids *alone* to show the availability of jobs for that claimant.'" *Gonzalez v. Secretary of Health & Human Servs.*, 784 F.2d 1417, 1419 (9th Cir.1986) (quoting *Bellamy v. Secretary of Health & Human Servs.*, 755 F.2d 1380, 1383 (9th Cir.1985)).

We must remand to the Secretary because he assumed that Kellar's alcoholism was not a limitation when applying the grids. First, the Secretary must undertake the *Cooper* inquiry set out above. Then the Secretary should apply the grids again, considering any nonexertional limitations due to Kellar's alcoholism. *See Cooper*, 815 F.2d at 560.

REVERSED AND REMANDED.