Zedore ORPHEY, Jr., Plaintiff–Appellant,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.

No. 91–4590
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 6, 1992.

Lonnie R. Smith, Lake Charles, La., for plaintiff-appellant.

Joseph S. Cage, Jr., U.S. Atty., John A. Broadwell, Asst. U.S. Atty., Shreveport, La., Joseph B. Liken, Sr., Supervisory Lead Atty., Dept. of Health and Human Services, Office of Gen. Counsel, Dallas, Tex., for defendant-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

Zedore Orphey appeals from the decision of the Secretary of Health and Human Services denying his application for disability benefits. Because we cannot determine whether the Secretary applied the correct legal standard in assessing Orphey's substance abuse problem, we remand the case for further consideration.

### I.

Orphey applied for disability benefits in September of 1987, alleging that he could not work because of seizures associated with his drug and alcohol abuse. The record reveals that Orphey has had a substance abuse problem involving alcohol, marijuana, cocaine, and intravenous drugs for most of his adult life. He worked as a welder from 1970 until 1985, when he was laid off because of lack of work. He often missed work or lost jobs because of his alcohol and drug use, or was sent home because he was drinking on the job. Since 1986, he has experienced seizures about once a month which are attributable to his substance abuse and which have repeatedly resulted in his hospitalization. He has been prescribed medication to control his seizures, but they have not gone away. He has undergone treatment at a detoxification center on several occasions, but has persistently returned to his old habits. Despite these problems, Orphey is able to maintain satisfactory relationships with his wife and parents and pursues many normal activities. He often fixes his son's breakfast and walks him to school in the morning and then walks to his mother's house to have some coffee. He spends most of the day sitting around the house and watching television.

A hearing was held on Orphey's application in April of 1988. An administrative law judge found that Orphey was not dis-

abled. He concluded that although Orphey could not return to his previous work as a welder, he retained sufficient functional capacity to engage in medium work activity not requiring exposure to unprotected heights, moving machinery, or close social interaction. The Appeals Council reviewed the decision and remanded for further assessment of what limitations were imposed by Orphey's psychiatric impairment. It also required psychological and vocational testing.

On remand, Dr. G.R. Morin evaluated Orphey and found that he was alert to his surroundings and suffered from no delusions or disorders of perception. However, he found that Orphey's ability to maintain attention, deal with work stresses, function independently, and carry out detailed job instructions was poor to nonexistent. Dr. Charles Downing gave Orphey some tests which indicated that he was of average intelligence and did not exhibit any sensory or motor defects. He noted, however, that Orphey had not been able to gain control of his addiction. He concluded that Orphey had the potential to hold a job if he could conquer his drug and alcohol problems, but that his ability to handle daily work was all but nil if he failed to do so. He described Orphey's ability to make occupational and performance adjustments, deal with work stresses, function independently, and maintain attention as fair or good. Finally, a vocational expert reviewed the reports of both doctors and concluded that a person with the skills described by Dr. Downing was capable of performing a number of jobs such as laundry worker, kitchen worker, and janitor. A person with the poor to nonexistent skills described by Dr. Morin could not perform any job, however.

The ALJ evaluated this evidence and chose to credit Dr. Downing's report rather than Dr. Morin's. He reasoned that Dr. Morin gave few reasons for assessing Orphey's abilities as poor and that his report did not support this assessment. He concluded that Orphey was not disabled and denied the application for benefits. The district court affirmed, and this appeal followed.

## II.

We review a denial of disability benefits only to determine whether the Secretary applied the correct legal standard and whether the Secretary's decision is supported by substantial evidence on the record as a whole. *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir.1988). The Secretary has established a five step sequential evaluation process to determine whether a claimant is disabled. *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir.1991). The fifth step is to determine whether the claimant's impairment prevents him from doing any other substantial gainful work, taking into account his age, education, past work experience and residual functional capacity. *Id.* This Court and others have held that alcoholism and drug addiction can be disabling if they prevent a claimant from engaging in a substantial gainful activity. *Ferguson v. Heckler,* 750 F.2d 503, 505 (5th Cir.1985); *O'Connor v. Sullivan,* 938 F.2d 70, 74 (7th Cir.1991); *Kellar v. Bowen,* 848 F.2d 121, 123 (9th Cir.1988). In making this determination, the ALJ should consider in particular whether the claimant has lost the ability to control his drinking or drug use. *Id.*

We are unable to tell from the ALJ's opinion in this case whether he considered Orphey's alcohol and drug abuse as problems which in and of themselves could constitute disabilities. He found that Orphey "suffers from a seizure disorder secondary to alcohol and drug abuse and withdrawal," and that this impairment was not so severe as to constitute a disability. He made no finding as to whether Orphey had the ability to control his drinking and drug abuse. He did not discuss the disabling effects of Orphey's substance abuse problem. Although he purported to rely on Dr. Downing's psychological evaluation, he did not explain or even refer to Dr. Downing's comment that until Orphey is able to remain sober and drug free, his ability to handle daily work is all but nil.

We recognize that the first ALJ's opinion discusses Orphey's substance abuse in greater detail. However, the Appeals Council remanded the case precisely be-

cause of the lack of medical and vocational evaluation regarding Orphey's psychological impairment. A critical aspect of that evaluation is Orphey's ability to control his drinking and its disabling effect if he cannot. We held in *Ferguson*, for example, that even though there was substantial evidence that the claimant could do light or sedentary work, he could do no work at all if he could not control his abuse of alcohol. Because the evidence showed that Ferguson suffered from chronic alcoholism and that he had been unable to overcome it despite numerous attempts at rehabilitation, he was disabled and entitled to receive benefits.

Of course each individual case must be decided on its facts. We express no opinion as to whether Orphey is able to control his substance abuse and whether he is able to work if he cannot. But there is substantial evidence in the record that Orphey is a chronic substance abuser. Dr. Downing characterized him as such and stated that "[i]n spite of what appears to be life threatening (behavior) his addictive behavior continues." Both doctors agreed that he could not be trusted with money because he would likely spend it on drugs and alcohol. Under these circumstances, the ALJ should have made specific findings on Orphey's ability to control his drinking and drug use and its disabling effect. *See Cooper v. Bowen*, 815 F.2d 557, 560–61 (9th Cir.1987). The fact that Orphey is able to engage in certain normal daily activities does not necessarily mean that he is capable of holding a job. *See O'Connor*, 938 F.2d at 73–74. Nor is the absence of any physiological damage dispositive as to the disabling effect of alcohol and drug abuse. *See Ferguson, supra; Kellar, supra.* The ALJ should consider all the relevant evidence and make specific findings on the claimant's ability to control his substance abuse and its disabling effects. He should explain these findings in light of the evidence. Here the ALJ failed to make the necessary findings and explain his rationale.

The judgment upholding the denial of disability benefits is reversed and the case is remanded to the Secretary for further proceedings consistent with this opinion.

REVERSED AND REMANDED.