2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William B. AVALOS, Plaintiff-Appellant,
v.
SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH & HUMAN
SERVICES, Defendant-Appellee.
 No. 93-2041.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals the district court's decision affirming the Secretary's denial of his application for supplemental security income benefits. Utilizing the applicable five-step sequential analysis, see 20 C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), the administrative law judge (ALJ) determined, at step four, that claimant was not disabled because he retained the residual functional capacity to perform his past relevant work as a cook. The ALJ's determination became the Secretary's final decision when the Appeals Council denied review.
 
 
 3
 "This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.
 
 
 4
 On appeal, claimant primarily challenges the ALJ's conclusion that his alcoholism was not disabling. The evidence establishes that claimant does suffer from alcoholism, which can be disabling, either considered alone or in combination with other impairments. See, e.g., Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir.1992). The mere presence of alcoholism, however, is insufficient to establish a disability. Id. Rather, when the record contains evidence that a claimant suffers from alcoholism, the ALJ must make specific inquiry concerning the claimant's ability to control his drinking and whether the alcoholism has had a disabling effect. See, e.g., Orphey v. Secretary of Health & Human Servs., 962 F.2d 384, 387 (5th Cir.1992); see also Thompson, 957 F.2d at 614 (in order to establish disability due to alcoholism, claimant must show that he has lost self control to the point that he is unable to seek and use means of rehabilitation, and that his disability is encompassed by Social Security Act). Nonetheless, at this fourth step in the analysis, the burden remains on the claimant to establish that he can no longer perform his past relevant work. See Williams, 844 F.2d at 751 n. 2; see also Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir.1990) (noting that evidence of alcoholism does not alter Social Security claimant's ordinary burden of proof; rejecting argument that evidence of alcoholism shifted burden to Secretary to establish that that condition was not disabling).
 
 
 5
 In this case, the ALJ did make the requisite inquiry, determining that claimant retained the ability to control his drinking and that claimant's alcoholism had not diminished his ability to perform his past relevant work. After reviewing the record, as well as the parties' arguments on appeal, we conclude that the ALJ's determinations were supported by substantial evidence. We, therefore, AFFIRM the judgment of the United States District Court for the District of New Mexico upholding the Secretary's denial of benefits.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3