37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David JOYAL, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 92-36931.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided Sept. 23, 1994.
 
 Before: TANG, FERGUSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David E. Joyal appeals the district court's order reversing the Secretary of Health and Human Services' final order and remanding for further evidence and findings. Joyal argues that the record is completely developed and supports an award of benefits, and therefore, remanding for further evidence and findings would simply delay receipt of benefits. In so arguing, he urges the adoption of the Eleventh Circuit rule that where the Secretary has ignored or failed to properly refute a treating physician's opinion, the opinion is accepted as true as a matter of law. We reverse and remand for an award of benefits.
 
 I.
 
 3
 Joyal filed an application for supplemental security income benefits under 42 U.S.C. Sec. 1383(e) and an application for disability insurance benefits under 42 U.S.C. Secs. 423(a), 416(i). Both applications for benefits were denied by the Secretary. Upon reconsideration, the Secretary determined that Joyal was not able to perform his past relevant work. However, the Secretary determined that he was able to perform other work and denied his applications for benefits on that basis. Joyal timely requested review.
 
 
 4
 A hearing was held before an administrative law judge during which Joyal was represented by a non-attorney. The ALJ heard testimony from Joyal, a medical expert and a vocational expert. After reviewing their testimony as well as the other evidence in the record, the ALJ made the following relevant findings:
 
 
 5
 4. The medical evidence establishes that the claimant has severe organic mental, affective, personality and substance addiction disorders with history of pain syndrome, neuropathy and hepatitis, but does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4, consistent with the testimony of the medical expert.
 
 
 6
 5. The claimant is addicted to alcohol. The claimant has lost the ability to refrain altogether from alcohol use. Alcoholism does not preclude the claimant from obtaining and maintaining employment as demonstrated in 25 years of court reporting both as an employee and self-employed.
 
 
 7
 7. The claimant has the residual functional capacity to perform medium to heavy exertion with slightly restricted daily activities, slight difficulty in social function, seldom experiencing deficiencies of concentration, persistence or pace and one or two decompensations in work or work-like surroundings.
 
 
 8
 8. The claimant is not precluded from doing [court reporting, his] past relevant work.
 
 
 9
 The ALJ's finding as to Joyal's residual functional capacity ("RFC") was based on the testimony of medical expert Rosemary Selinger, M.D., a non-treating, non-examining physician. She testified as to the severity of Joyal's mental impairments as follows:
 
 
 10
 Restriction of activities of daily living, slight. Difficulties in maintaining social functioning, slight. Deficiencies in concentration, persistence or pace, seldom, as evidenced by the fact that he persists in his search for cans for return each day and he continues that pace on a consistent basis daily.
 
 
 11
 She ultimately concluded that Joyal's impairments did not meet or equal the listings for mental impairments. The ALJ's decision stated that he found "the testimony of Dr. Selinger to be significant in characterizing the type and degree of the claimant's mental and related medical disorders, consistent with the evidence, and showing consideration of the claimant's own explanation of his medical problems."
 
 
 12
 The ALJ's finding that Joyal could perform past relevant work was based on the testimony of vocational expert Jim Green. The ALJ questioned Green as to the types of work in which an individual with physical and mental restrictions such as those described by Dr. Selinger could engage. Green testified that such an individual could engage in court reporting as well as eyeglass frame polishing, clerical sorting and small product assembling. The ALJ did not pose any questions in terms of the types of work in which an individual with mental restrictions such as those described by Drs. Dixon or Taylor, Joyal's treating physicians, could engage. Joyal timely requested review.
 
 
 13
 The Appeals Council considered Joyal's request for review and denied it based on Dr. Taylor's assertion that Joyal had "been able to follow a responsible pattern in [his] life situation" in that he regularly attended treatment sessions and took his medications. The Appeals Council concluded "that such a routine [was] commensurate with a productive work pattern," and therefore, the ALJ's "findings and conclusions [were] supported by the evidence currently of record."
 
 
 14
 In reaching its conclusion, the Appeals Council considered new material evidence in the form of an additional psychological evaluation and a mental RFC assessment prepared by Dr. Taylor, and a vocational report prepared by vocational expert Bruce McLean, M.A. McLean's report addressed three hypothetical questions which considered Joyal's ability to work assuming his present physical condition and a mental RFC as per the assessments prepared by Drs. Dixon, Taylor and Henry. His report "concluded that based on the hypotheticals, [Joyal] could not perform his past work as a court reporter or any job which existed in significant numbers in the national economy."
 
 
 15
 Thereafter, Joyal filed a complaint in federal district court requesting review of the Secretary's final order under 42 U.S.C. Sec. 405(g). Joyal argued that there was not substantial evidence in the record to support the ALJ's conclusion that he could perform his past relevant work as a court reporter. Joyal contended that: (1) the ALJ's finding concerning Joyal's mental RFC did not include the proper mental RFC criteria; (2) the ALJ improperly disregarded Joyal's treating physicians' opinions concerning his mental RFC in favor of a non-treating, non-examining physician's opinion which did not include the proper mental RFC factors; (3) the ALJ failed to provide sufficient reasons for disregarding Joyal's treating physicians' opinions; (4) the vocational expert was improperly asked to evaluate a medical opinion, and was not asked to base an employability opinion on Joyal's mental RFC; and (5) the only vocational expert who considered Joyal's mental RFC concluded that he could not work.
 
 
 16
 The district court found that there was no evidence that the ALJ, Dr. Selinger or vocational expert Green considered the proper mental RFC criteria. The district court further found that Joyal's treating physicians, Drs. Taylor and Dixon, did specifically evaluate Joyal's mental RFC and that their opinions were not included in the hypothetical questions posed to Green.[1] The district court concluded that "the ALJ had no specific, legitimate, or clear or convincing reasons for rejecting that evidence" and reversed the ALJ's decision.
 
 
 17
 However, the district court was not convinced that the record was completely developed by the testimony of vocational expert McLean. It found the record unclear as to whether McLean considered evidence of Joyal's ability "to follow a responsible pattern in his life situation," as opined by Dr. Taylor, and concluded that a "remand [was] appropriate for further findings on whether the plaintiff could perform jobs which exist in significant numbers in the economy, based on Dr. Taylor's opinion, and considering all other evidence of mental RFC."
 
 
 18
 Joyal filed a motion to alter the judgment in which he argued that the record was completely developed, and therefore, the district court should remand for an award of benefits rather than for further evidence and findings. The district court denied Joyal's motion. Joyal timely appeals.
 
 II.
 
 19
 The medical opinion of a claimant's treating physician is entitled to greater weight than to that of a non-treating physician because the treating physician " 'is employed to cure and has a greater opportunity to know and observe the patient as an individual.' " Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir.1989) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1985)). "When another doctor's opinion contradicts the opinion of a treating physician, the Secretary can disregard the latter only by setting forth 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.' " Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir.1993) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991)).
 
 
 20
 In September of 1990, Dr. Dixon, Joyal's treating physician, prepared an assessment of Joyal's mental RFC in which she concluded that Joyal was markedly limited in his ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. Dr. Dixon further concluded that Joyal was moderately to markedly limited in his ability to respond appropriately to changes in the work setting, and to travel to unfamiliar places or use public transportation. Finally, she concluded that Joyal was moderately limited in his ability to understand short and simple instructions, perform within a schedule, maintain regular attendance, work in coordination with or proximity to others without being distracted by them, make simple work-related decisions, accept instructions, to respond appropriately to criticism, get along with co-workers or peers, and be aware of normal hazards and take appropriate precautions.
 
 
 21
 In January of 1991, Dr. Taylor, another treating physician,[2] prepared an assessment of Joyal's mental RFC in which he concluded that Joyal was markedly limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods. He also concluded Joyal was moderately limited in his ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule and maintain regular attendance, work in coordination with or proximity to others without being distracted by them, make simple work-related decisions, and respond appropriately to changes in the work setting. Finally, Dr. Taylor concluded that Joyal was disabled pursuant to the criteria of Social Security Ruling 85-15.
 
 
 22
 The ALJ chose to disregard Dr. Dixon's mental RFC assessment in favor of the assessment of Dr. Selinger, the medical expert. The Appeals Council chose to disregard Dr. Taylor's mental RFC assessment because Joyal had "been able to follow a responsible pattern in [his] life situation" in that he regularly attended treatment sessions and took his medications. However, the ALJ did not give any reason--let alone a specific, legitimate reason based on substantial evidence--for disregarding Dr. Dixon's mental RFC assessment. Similarly, the Appeals Council did not give a legitimate reason for rejecting Dr. Taylor's mental RFC assessment. See Ramirez, 8 F.3d at 1452 (considering on appeal both the ALJ's decision and the additional material submitted to the Appeals Council). The fact that Joyal regularly attended his treatment sessions and took his medications is not a legitimate reason. Accordingly, we agree with the district court and find that the ALJ's decision is not supported by substantial evidence.
 
 III.
 
 23
 Joyal urges us to adopt the Eleventh Circuit rule that where the Secretary has ignored or failed to properly refute a treating physician's opinion, the opinion is accepted as true as a matter of law. See MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). Joyal argues that if his treating physicians' opinions are taken as true, an award of benefits is appropriate. He argues that Varney v. Secretary of Health and Human Servs., 859 F.2d 1396, 1401 n. 5 (9th Cir.1988) and Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987) support such a rule, and asks us to clarify this circuit's position.
 
 
 24
 This circuit's position, however, is clear; the decision to remand the case for additional evidence or simply to award benefits is within the discretion of the court. Winans, 853 F.2d at 647. " 'If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where ... a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate.' " McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989) (alteration in original) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981)). The fact that a treating physician's opinion has been ignored or improperly refuted does not mandate an award of benefits. See id. (remanding such a case for further proceedings).
 
 
 25
 In this case, the district court's order remanding the case for further evidence and findings was based on the fact that vocational expert McLean did not consider evidence of Joyal's ability "to follow a responsible pattern in his life situation." This was clearly a reference to Dr. Taylor's report concerning Joyal's second examination:
 
 
 26
 Currently [Joyal] appears to be following a responsible pattern in his life situation. He allegedly attends Alcoholics Anonymous meetings twice a week, goes to On-Track for treatments during each week, takes his medications, etc.
 
 
 27
 That Joyal had been regularly attending treatment sessions and taking his medications has nothing to do with his employability. In fact, in the same paragraph in which the above-mentioned quotation appears, Dr. Taylor states that Joyal "does not appear to be capable of any sustained, significant, substantial gainful employment at any level approaching that of his past employment as a court reporter." Moreover, to deny benefits because a claimant attends treatment sessions and takes his or her medications would have the counterproductive affect of discouraging claimants from regularly receiving treatment. Thus, the district court's reliance on Dr. Taylor's reference to Joyal's ability "to follow a responsible pattern in his life situation" to justify remanding the case for further evidence and findings is an abuse of discretion.
 
 
 28
 The question becomes then, whether we should simply award benefits or remand for additional evidence and findings. In this case, Dr. Taylor concluded that Joyal was disabled pursuant to the criteria of Social Security Ruling 85-15. His conclusion was not contrary to Dr. Dixon's reports and was in fact supported by her mental RFC assessment which was more restrictive than Dr. Taylor's assessment. Also included in the record is vocational expert McLean's report which concluded that based on Joyal's present physical condition and the mental RFC assessments of Drs. Dixon and Taylor, Joyal could not perform his past work as a court reporter or any job which exists in significant numbers in the national economy. While Dr. Taylor's mental RFC assessment and McLean's report were submitted to the Appeals Council after the ALJ's decision, the Appeals Council considered them in denying Joyal's request for review, and therefore, they are properly considered on appeal. See Ramirez, 8 F.3d at 1452 (considering on appeal both the ALJ's decision and the additional material submitted to the Appeals Council); 20 C.F.R. Sec. 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence, and shall review the decision of the ALJ if the ALJ's actions findings or conclusions are contrary to the weight of the evidence in the entire record). Given these facts, we conclude that the record is completely developed and that remanding for further evidence and findings would simply delay receipt of benefits. Accordingly, we reverse the district court and remand for an award of benefits.
 
 
 29
 We note, however, that the record indicates that Joyal's psychiatric and alcohol related problems remain serious. We condition the award of benefits, therefore, on Joyal's receipt of publicly funded treatment for his psychiatric and alcohol related problems, if and when available. See Kellar v. Bowen, 848 F.2d 121, 124 (9th Cir.1988) (remanding alcoholism claim with stipulation that Secretary should consider conditioning benefits on receipt of treatment); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir.1987) ("Given the nature of alcoholism, awarding benefits may not help the claimant if he or she spends the money on alcohol, exacerbating the disabling condition.... We now endorse [the approach adopted by several other circuits], and require the Secretary to consider on remand [conditioning benefits on receipt of treatment].").
 
 
 30
 REVERSED and REMANDED for an award of benefits, conditioned on Joyal's receipt of publicly funded treatment for his psychiatric and alcohol related problems.
 
 WIGGINS, Circuit Judge, dissenting in part:
 
 31
 I am well aware that the fact that Joyal's disability is a result of his alcoholism does not preclude him from receiving benefits. Carrao v. Shalala, 20 F.3d 943, 949-50 (9th Cir.1994) (finding a claimant of supplemental security income benefits "disabled within the meaning of the Social Security Act" solely because his heroin and alcohol addiction had crippled him mentally and physically); 20 C.F.R. Sec. 404.1525(e) ("If you have a condition diagnosed as addiction to alcohol or drugs, this will not, by itself, be a basis for determining whether you are, or are not, disabled. As with any other medical condition, we will decide whether you are disabled based on symptoms, signs, and laboratory findings."); see Jones v. Shalala, 21 F.3d 191, 194 (7th Cir.1994) (recognizing that an alcoholic and heroin addict may receive disability benefits); 42 U.S.C. Sec. 1382(e)(3)(A) (requiring supplemental security income claimants who are alcoholics to undergo treatment, if available, as a condition of receiving disability benefits).
 
 
 32
 With all due respect to my colleagues' desire to care for the disabled, however, I respectfully disagree with their decision simply to award benefits at this stage of review. Alcoholism is a curable condition. Moreover, as Judge Posner stated in Jones, "A likely outcome of awarding [Joyal] benefits would ... be to enable him to increase the scale of his addiction[ ]. That is an argument against awarding disability benefits for disabilities that are due to addiction...." 21 F.3d at 194. Compassion for an addict is not always best expressed as a hand-out. This court is not justified, either legally or morally, to force the government's hand in a manner that may primarily help Joyal sustain his addiction.
 
 
 33
 We have previously declined to award benefits on appeal, in favor of giving the Secretary a second opportunity to examine the facts. McAllister v. Sullivan, 888 F.2d 599 (9th Cir.1989). We reasoned in McAllister, as we should here, that "[t]here may be evidence in the record to which the Secretary can point to provide the requisite specific and legitimate reasons for disregarding the testimony of [Joyal's] treating physician. Then again, there may not be. In any event, the Secretary is in a better position than this court to perform this task." Id. at 603. McAllister remanded to allow a thorough review of the record and further hearings. Id. at 604. Given Joyal's position and the other facts of this case, we should take a similar course.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court erroneously concluded that the ALJ should have considered Dr. Taylor's assessment of Joyal's mental RFC. Dr. Taylor's assessment was dated January 14, 1991 and was submitted to the Appeals Council after the ALJ's decision. It was not part of the record before the ALJ, and therefore, it could not have been considered. Nevertheless, the assessment was considered and disregarded by the Appeals Council, and, as will be seen, the Appeals Council did not give the necessary specific, legitimate reasons supported by substantial evidence for disregarding it
 
 
 [2]
 The district court concluded that Dr. Taylor was Joyal's treating physician, a fact not disputed by the Secretary on appeal. Joyal contends, however, that Dr. Dixon was his sole treating psychologist, and that Dr. Taylor was only an examining physician. Nevertheless, the conclusions of an examining physician are entitled to more weight than the conclusions of a non-examining physician. See Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir.1990). Thus, even if Dr. Taylor was only an examining physician, the Secretary was required to give specific, legitimate reasons based on substantial evidence for disregarding his opinion