**Joseph CLEM, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN,* Secretary, HHS, Defendant–Appellee.**

No. 88–15545.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1989.

Decided Jan. 22, 1990.

---

* Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

Mary M. Burke, Point Richmond, Cal., for plaintiff-appellant.

Michael R. Power, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before WALLACE, PREGERSON and ALARCON, Circuit Judges.

WALLACE, Circuit Judge:

Clem appeals from the district court's entry of summary judgment in favor of the Secretary of Health and Human Services (Secretary). The district court held that the Secretary's decision that Clem was not entitled to benefits was supported by substantial evidence. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I

Beginning on May 7, 1984, Clem filed several applications for disability insurance benefits and supplemental security income on the basis of his inability to work due to lack of reading and writing skills. These applications were denied and on May 29, 1985, Clem requested a hearing. The hearing was held before an administrative law judge (ALJ) on September 23, 1986. At the hearing, Clem presented evidence about his use of alcohol. The ALJ reviewed the record, made specific findings, and denied Clem's application on the ground that Clem was not disabled within the meaning of the Social Security Act (Act). The Appeals Council decided that there were not sufficient grounds for review of the ALJ's decision and therefore let the decision stand.

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Clem then appealed to the district court. Acting upon cross-motions for summary judgment, the district court held that the Secretary's decision was based on substantial evidence. Clem appealed the district court's decision but only with regard to his claim for supplemental security benefits under Title XVI of the Act.

## II

The issue before us as framed by the parties is whether the district court erred in concluding that the Secretary's decision that Clem was not disabled, despite evidence of his alcoholism, was based upon substantial evidence and upon the proper legal standards. We review a summary judgment de novo. *Kellar v. Bowen,* 848 F.2d 121, 123 (9th Cir.1988) (*Kellar*).

42 U.S.C. § 405(g) states in part: "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." The Secretary's determination that a claimant is not disabled will be upheld if the Secretary applied the proper legal standards and if there is substantial evidence in the record as a whole to support the decision. *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 575–76 (9th Cir.1988) (*Desrosiers*); *Delgado v. Heckler,* 722 F.2d 570, 572 (9th Cir.1983). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers,* 846 F.2d at 576, *quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). A finding of substantial evidence is determined from the record as a whole. *Id.* at 575; *Martinez v. Heckler,* 807 F.2d 771, 772 (9th Cir.1986).

In order to collect supplemental security income from the government, Clem must establish that he suffered from a "disability." 42 U.S.C. § 423(a)(1)(D). To be considered disabled, Clem must have suffered from "a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be of "such severity that [Clem] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Clem has the burden of showing that he is disabled. 42 U.S.C. § 423(d)(5); *Hoffman v. Heckler,* 785 F.2d 1423, 1424 (9th Cir.1986). Clem meets his initial burden by a showing that he cannot perform his previous occupation. *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 511 (9th Cir.1987) (*Sanchez*). The district court found that the Secretary's determination that Clem did not meet his initial burden was based on substantial evidence. The district court upheld the ALJ's finding that Clem "has no im-

pairment or impairments which have precluded his past relevant work as either a janitor or a laborer for any period of time which has lasted or could reasonably be expected to last for 12 continuous months." Furthermore, the district court upheld the ALJ's finding that the evidence failed to demonstrate that Clem's alcohol abuse interfered with the performance of his previous employment. The record confirms that the ALJ's findings are based on substantial evidence. Although Clem challenges the ALJ's findings, he fails to argue, much less demonstrate, that his drinking precludes him from engaging in his previous employment. We therefore affirm the district court's holding that the Secretary's decision was based upon substantial evidence.

■ But Clem's main argument on appeal is somewhat different: he argues that the Secretary and the district court applied the wrong legal standard in concluding that he had not met his initial burden of proof. Clem relies upon our decisions in *Kellar*, 848 F.2d at 123, and *Cooper v. Bowen*, 815 F.2d 557, 560 (9th Cir.1987), for the proposition that, once a claimant has established that he is a diagnosed alcoholic, the burden of proof then shifts completely to the Secretary to inquire whether the claimant can control his drinking and whether his alcoholism precludes him from obtaining and maintaining employment. Essentially, Clem contends that, unlike other disability claimants, he can satisfy his initial burden without a showing that he cannot perform his previous occupation.

In *Cooper*, we held that once the claimant establishes evidence of diagnosed alcoholism, the Secretary must *inquire* as to whether the claimant is able to control his use of alcohol and "must make a specific finding on the claimant's ability to control his or her drinking and its disabling effect." 815 F.2d at 560. Yet nowhere in *Cooper* did we indicate that mere evidence of alcohol abuse discharges the claimant of his initial burden of proof. Rather, our discussion in *Cooper* focused upon the narrow question of whether "[a]lcoholism, by itself, may constitute ... a [nonexertional] limitation if it prevents a claimant from engaging in substantial gainful activity."

*Id.* We reasoned that this particular question turned on whether a claimant's drinking is uncontrollable and therefore could be considered a disability under the statute. *Id.; see also Neal v. Bowen*, 829 F.2d 528, 531 (5th Cir.1987) ("Before a finding of disability due to drinking can be made, it must be shown that the claimant is addicted to alcohol and cannot control his drinking voluntarily."). That is, it is not the disease of alcoholism, but rather a claimant's uncontrolled drinking, that may constitute a disability. We constructed a special procedure to be used in deciding the question posed in *Cooper:* once the claimant establishes that he is a "diagnosed alcoholic," the Secretary must inquire and "make a specific finding on the claimant's ability to control his or her drinking and its disabling effect." 815 F.2d at 560. Although the Secretary's finding on this matter affects whether the claimant's drinking can be classified as a disability, it does not bear upon whether that impairment renders the claimant "unable to do his previous work." 42 U.S.C. § 423(d)(2)(A). Rather, the procedure discussed in *Cooper* relates only to the narrower, threshold question of what degree of alcohol use can be considered a disability. That the Secretary must make inquiry and make a finding does not mean that the initial burden of proving a disability has been removed from the claimant.

There is no indication that our holding in *Cooper* was intended to supplant the claimant's burden of proof that we set forth in *Sanchez.* Indeed, our discussion in *Cooper* suggests just the opposite. We did not purport to overrule, or even distinguish, cases holding that the burden is on the claimant to show he cannot do his previous work. Rather, we cited *Johnson v. Harris*, 625 F.2d 311 (9th Cir.1980), to support the proposition that "[a]lcoholism by itself may constitute a [nonexertional] limitation if it prevents a claimant from engaging in gainful activity." 815 F.2d at 560. Our decision in *Johnson* contradicts the interpretation of *Cooper* suggested by Clem. In addition to holding that some degree of alcohol abuse may constitute a disability, we held in *Johnson* that in order to prove that disability, an alcoholic claimant must

demonstrate that alcoholism "prevents him or her from engaging in his or her previous occupation." 625 F.2d at 312. Under *Johnson*, a mere showing that the claimant is a diagnosed alcoholic is not sufficient to shift the burden of proof. Our reliance upon *Johnson* in *Cooper* signifies that we did not choose to alter or disregard the rule that the claimant must meet his initial burden by showing that he cannot engage in his previous employment. We conclude that *Cooper* cannot be read to alter the claimant's initial burden of proof in a disability case.

Admittedly, we used language in *Kellar* that could conceivably be read to support Clem's position: "once [the claimant] shows that he is a diagnosed alcoholic, the burden shifts to the Secretary to make the inquiry whether [the claimant] has lost the ability to control his drinking, and whether alcoholism precludes him from obtaining and maintaining employment." 848 F.2d at 123. Our statement here, however, refers to a "burden" to make inquiry—not to a burden of proof. This interpretation of what we said is completely consistent with what we actually did in *Kellar*. We did not accept evidence of Kellar's alcoholism as sufficient to discharge his initial burden. Rather, we expressly determined that "Kellar has shown that he is incapable of performing his prior work." *Id.* We concluded that Kellar had met his initial burden, not because he had shown evidence of his alcoholism, but because he had shown that his alcoholism rendered him unable to engage in his previous employment. *Id.* Indeed, we specifically distinguished the situation in which the claimant "had not established his inability to perform his prior work." *Id.*, citing *Young v. Heckler*, 803 F.2d 963, 966 (9th Cir.1986).

In *Young*, we held that the claimant's "pattern of heavy drinking did not disable him from performing his prior work," and affirmed the district court's denial of benefits. 803 F.2d at 966–67. A similar finding was made by the ALJ and upheld by the district court regarding Clem. Like the *Cooper* decision's reliance upon *Johnson*, the *Kellar* decision's reliance upon *Young* illustrates that we conceived of the claimant's burden as requiring, under all circumstances, a showing that he could not do his previous work. We conclude that the district court applied the proper burden of proof framework to Clem's case.

### III

▮ Clem also contends that the district court should have remanded his case to the Secretary on the basis of new evidence submitted to the court. We review a district court's refusal to remand to the Secretary on the basis of extra-record evidence for abuse of discretion. *Russell v. Bowen*, 856 F.2d 81, 84 (9th Cir.1984).

▮ A claimant seeking remand must demonstrate that there is "new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Sanchez*, 812 F.2d at 511–12; *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985) (*Key*). A claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied. *Key*, 754 F.2d at 1551. The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim. *Id.*

▮ Clem submitted two notices of additional evidence involving a textbook excerpt, a disability determination, two psychological evaluations, and an alcoholic assessment. Yet Clem has failed to show good cause for not submitting this evidence earlier. His assertion that the evidence only turned up later, during another proceeding, is not sufficient to explain why it was not produced earlier in *this* proceeding.

Clem's situation is analogous to the one analyzed by us in *Key*, in which the claimant attempted to present a new medical report supporting his position. 754 F.2d at 1551. We declined to remand the case, since the claimant "offer[ed] no reason why he had not solicited this information from [the doctor] earlier." *Id.* We opined that "the obvious explanation is that when Key failed to succeed on his disability claim ... he sought out a new expert witness who might better support his position. The 'good cause' requirement would 'be mean-

ingless if such circumstances were sufficient to allow introduction of new evidence.' " *Id., quoting Allen v. Secretary of Health and Human Services,* 726 F.2d 1470, 1473 (9th Cir.1984).

Similarly in *Allen,* we declined to remand for consideration of new psychological tests and psychiatric evaluations because "Allen knew of his mental problems and had several prior psychiatric evaluations." 726 F.2d at 1473. We pointed out that "[t]he reports merely contain new interpretations of the same mental problems discussed earlier in the evaluations. [Allen] has not alleged that he could not have had these tests and evaluations made earlier." *Id.* The same is true of Clem's attempt to submit his new evidence. Clem offers no convincing reason why the evidence could not have been made available to the Secretary earlier. We therefore hold that the district court did not abuse its discretion in not remanding the case to the Secretary.

AFFIRMED.