936 F.2d 1072
 STONE FOREST INDUSTRIES, INC., a Delaware corporation,
Plaintiff-Appellant,
v.
F. Dale ROBERTSON, Chief, United States Department of
Agriculture, Forest Service; David F. Jolly, Regional
Forester, Region 3; Nick McDonough, Supervisor of the
Apache-Sitgreaves National Forest; John Hart, Contracting
Officer of the Apache-Sitgreaves National Forest,
Defendants-Appellees.
 No. 90-15484.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 16, 1991.
Decided June 19, 1991.
 
 Michael E. Haglund and Kathleen A. Pool, Haglund & Kirtley, Portland, Or., for plaintiff-appellant.
 James P. Loss, Asst. U.S. Atty., Phoenix, Ariz., Raymond W. Fullerton, Asst. Gen. Counsel and Ellen R. Hornstein, Office of Gen. Counsel, U.S. Dept. of Agriculture, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before GOODWIN, SKOPIL and CANBY, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 This is an action brought by a large timber company challenging the Forest Service's interpretation of regulations used to determine the percentage of timber sales set aside for small timber businesses within the Apache market area of the Apache-Sitgreaves National Forest in Arizona. The district court granted summary judgment in favor of the Forest Service. We agree with the district court that the Forest Service's interpretation and application of its regulations are not arbitrary, capricious, or inconsistent with law. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Since 1971 defendant/appellee Forest Service, pursuant to the Small Business Act, 15 U.S.C. Secs. 631-647 (1988), has designated a percentage of sales of federally owned timber for small timber businesses. Under its program, the Forest Service determines every five years a "fair proportion" of sales to set aside for small businesses from each national forest. The proportion is determined by reference to the percentage of timber actually purchased from that forest by small businesses in the previous five years. This minimum percentage is the "base share." During the five year period, an adjustment may be made to the base share if there is a structural change in the composition of the area market, such as when a significant timber operation ceases to do business. In addition, the Forest Service periodically reviews timber purchases in every national forest to assure that small business sales are not lagging behind the applicable base share. In such instances the Forest Service conducts a set-aside sale in which only qualified small businesses may bid.
 
 
 3
 Plaintiff/appellant Stone Forest Industries ("Stone Forest") is a large business that purchases timber in the Apache market area of the Apache-Sitgreaves National Forest in Arizona. By decision dated February 3, 1986, the Forest Service set a 26 percent small business base share for the Apache market area during the 1985-90 period. The 26 percent was determined by calculating the amount of small business timber sales during the preceding five year period, 1980 to 1985. On November 2, 1987, the Forest Service announced its intention to set aside a timber sale in the Apache market for exclusive bidding by small businesses. Stone Forest challenged the set-aside sale and requested that the Forest Service recompute the small business base share on the grounds that a significant small business, Evergreen Lumber Company ("Evergreen"), had ceased operations in the Apache market.
 
 
 4
 The Forest Service held the set-aside sale but indicated that a recomputation of the small business base share due to a structural change would be made. The position was reversed, however, upon further consideration by the Forest Service. The Forest Service's decision not to recompute the base share was upheld throughout the administrative appeals process.
 
 
 5
 Stone Forest thereafter filed this action for declaratory and injunctive relief in the district court. On cross motions for summary judgment, the district court granted summary judgment in favor of the Forest Service. The court held that Stone Forest waived its right to challenge the initial base share determination by not timely appealing the agency's decision, and that the Forest Service's decision not to recompute the base share on the grounds of a structural change was not arbitrary and capricious. Stone Forest timely appeals.
 
 DISCUSSION
 
 6
 Stone Forest contends that the Forest Service erred in this case by not interpreting its regulations to permit a mid-period recomputation of the base share due to a structural change. The district court rejected that contention. Our review is de novo. Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990) (grant of summary judgment is reviewed de novo). We review the agency's decision to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Simpson v. Hegstrom, 873 F.2d 1294, 1297 (9th Cir.1989).
 
 
 7
 The Forest Service regulations at issue provide that "[a] structural change occurs during a recomputation period when a small or large business firm, that purchased at least 10 percent of the total sawlog volume during the last recomputation period, discontinues operations, or changes ownership...." 50 Fed.Reg. 24788 (1985). When a structural change occurs, the Forest Service is obligated by its regulations to recompute the small business base share. Id. The Forest Service interprets its regulations to require recomputation of the base share only when a firm goes out of business or changes ownership and that firm had at least a ten percent market share in the immediately preceding five year period. In this instance, the Forest Service concluded that Evergreen ceased its operation during the 1980-85 period and that a recomputation was not required because Evergreen did not have a ten percent market share during the 1975-80 period. Stone Forest contends that the Forest Service should conclude that a structural change requiring recomputation occurs whenever a small or large business ceases operations.
 
 
 8
 An agency's interpretation of its own regulations is generally entitled to a high degree of deference and should be upheld as long as it is not plainly erroneous or inconsistent with the language of the regulation. Washington State Health Facilities Assoc. v. Dept. of Social and Health Services, 879 F.2d 677, 681 (9th Cir.1989). Stone Forest argues that less deference should be accorded here because the agency's decision is neither long standing nor consistent. See Lynch v. Dawson, 820 F.2d 1014, 1020 (9th Cir.1987) (agency's interpretation of regulation is accorded various degrees of deference based on length and consistency of agency's position).
 
 
 9
 Whatever degree of deference we accord here, we conclude that the Forest Service's interpretation of its regulations is not arbitrary, capricious, or inconsistent with law. As the Forest Service explains, its regulations were never intended to allow spontaneous adjustment of the small business base share any time there are fluctuations in the industry. Rather, the deliberate requirement that base share recomputation be made only when a firm ceases operation during the five year period and only if that firm had a sufficient market share during the preceding period creates a stable, relatively long range market share for small business. We are not persuaded that the Forest Service's use of five year periods with corresponding cutoff dates creates an arbitrary or capricious regulatory scheme.
 
 
 10
 Stone Forest argues alternatively that the Forest Service should be estopped from asserting that Evergreen went out of business during the 1980-85 period, and thus should be required under the Forest Service's interpretation of its regulations to recompute the small business base share. In this circuit, a party seeking to invoke estoppel against the government must establish, inter alia, that the government engaged in "affirmative conduct going beyond mere negligence." S & M Investment Co. v. Tahoe Reg. Planning Agency, 911 F.2d 324, 329 (9th Cir.1990) (internal quotation omitted), cert. denied, --- U.S. ----, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991).
 
 
 11
 Stone Forest contends that the affirmative misconduct occurred here when a Forest Service employee told Stone Forest that Evergreen was considered to be in business and that Evergreen's purchases were used in calculating the 1985-90 base share. Stone Forest contends that but for the employee's statement that Evergreen was still in business, Stone Forest would have timely appealed the 1985-90 base share computation. We cannot conclude, however, that the misrepresentation in this case justifies invoking estoppel against the Forest Service. The employee's statement does not amount to " 'ongoing active misrepresentations' " or a " 'pervasive pattern of false promises' " of the degree sufficient to invoke estoppel against the government. Id. (quoting Watkins v. United States Army, 875 F.2d 699, 708 (9th Cir.1989) (en banc), cert. denied, --- U.S. ----, 111 S.Ct. 384, 112 L.Ed.2d 395 (1990)).
 
 
 12
 Stone Forest also contends that the Forest Service should be estopped from asserting that Evergreen was not in business during the 1985-90 period because the Forest Service concedes that Evergreen's sales were included in calculating the 1985-90 small business base share. We disagree. The use of Evergreen's sales during the 1980-85 period in calculating the base share for 1985-90 is consistent with the Forest Service's regulations directing that scheduled recomputations be based on the timber purchase history of small businesses during the previous five year period. See 49 Fed.Reg. 45889 (1984).
 
 
 13
 AFFIRMED.