952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene H. FERRELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-56355.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1991.
Decided Jan. 3, 1992.
 
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN,* District Judge.
 MEMORANDUM**
 Gene H. Ferrell seeks disability benefits claiming he is unable to perform gainful activity due to a combination of knee injuries, a hernia, and uncontrolled alcoholism. The ALJ found that he has not engaged in substantial gainful activity since his alleged onset date and that he is unable to perform his past relevant work as a cabinet maker and front end auto mechanic. The ALJ also found that Ferrell was capable of performing a significant number of jobs in the national economy. Because this finding represents an evaluation which does not include consideration of Ferrell's alcoholism as required by Cooper v. Bowen, 815 F.2d 557 (9th Cir.1987), however, we reverse and remand to the Secretary for further proceedings.
 We held in Cooper that neither physiological damage nor psychotic effects are required to prove disability based on alcoholism. Alcoholism may constitute a non-exertional limitation "if it prevents a claimant from engaging in substantial gainful activity." 815 F.2d at 560. We said in Cooper that the ALJ must, therefore, "make a specific finding on the claimant's ability to control his or her drinking and its disabling effect." Id.
 In this case, the government concedes that the requisite findings were not made. There is, moreover, little or no evidence that the claimant is able to control his drinking. The government nevertheless asks us to hold that the record supports the ALJ's findings that the claimant is able to engage in gainful activity. This we are unable to do. Ferrell has demonstrated that he is unable to perform his previous employment. Cf. Clem v. Sullivan, 894 F.2d 328, 331 (9th Cir.1990) (mere showing by plaintiff that he is alcoholic does not shift the initial burden to the Secretary without a showing that claimant cannot perform his previous occupation). In the absence of any evaluation by the ALJ of the disabling effect of the claimant's uncontrolled drinking in conjunction with his other exertional and non-exertional limitations, the finding of no disability was not supported by substantial evidence.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3