958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carma MAGENHEIMER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-55217.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided March 19, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carma Magenheimer appeals the district court's judgment affirming the Secretary's determination that she did not qualify for disability insurance benefits. She also appeals the district court's denial of her request to remand her case to the Secretary for reconsideration. We have jurisdiction and we affirm.
 
 
 3
 * We have reviewed de novo the doctors' reports and the Magenheimers' testimony. They provide "substantial evidence" to support the Secretary's determination that Magenheimer's mental impairment is slight and does not preclude her from doing her prior type of work. See Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990). Since Magenheimer failed to prove she has a disabling impairment, a vocational expert need not have been called to testify as to other types of work within her capacity.
 
 
 4
 The ALJ set forth "specific, legitimate reasons" for discounting the conclusions of Magenheimer's treating physician. See Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). The ALJ also supplied sound reasons for questioning the Magenheimers' testimony as to the debilitating nature of Magenheimer's condition. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (ALJ's credibility determination is due deference).
 
 II
 
 5
 Magenheimer next argues that the district court should have remanded her case to the Secretary on the basis of four reports submitted to the court. Only "new evidence which is material" and for which "good cause [exists] for the failure to incorporate such evidence into the record in a prior proceeding" supplies a proper basis for a remand. 42 U.S.C. § 405(g). Clem, 894 F.2d at 332. Since none of the four reports meets this standard, the magistrate judge did not abuse his discretion in declining to remand the case.
 
 III
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3