21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse LOPEZ, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 92-16785.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse Lopez appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). The district court held that the Secretary's decision denying Lopez's application for disability insurance benefits was supported by substantial evidence. We affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990). The Secretary's determination that a claimant is not disabled will be upheld if the Secretary applied the proper legal standard and if substantial evidence in the record as a whole supports the decision. Id.
 
 
 4
 To be eligible for disability benefits, a claimant must establish that he is unable to engage in "substantial gainful activity" due to a "medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A) (1988). A claimant is disabled only if he "cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. Sec. 423(d)(2)(A).
 
 
 5
 The administrative law judge ("ALJ") found that Lopez retained residual functional capacity to perform sedentary jobs, despite his back and foot impairments. Thus, the ALJ found him not disabled in light of his young age.
 
 
 6
 Lopez contends this finding was not supported by substantial evidence because the ALJ failed to consider his back and foot conditions in combination. We reject Lopez's claim. The ALJ considered both injuries. Substantial evidence in the record supports the ALJ's finding that the left foot condition was never disabling because Lopez could still perform sedentary work. Within three months of the December 16, 1988 foot injury, Lopez was walking two miles a day, and his treating podiatrist released him to return to light duty work. Although the December 29, 1989 back injury was more serious, Lopez's treating surgeon expected Lopez to be able to return to his "regular and customary work" as of September 12, 1990--less than twelve months from the date of injury. Therefore, substantial evidence supports the ALJ's finding that Lopez was not disabled.
 
 
 7
 Lopez also challenges the ALJ's rejection of Dr. Watson's opinion that Lopez "meet[s] the requirements of Section 1.05c of the Social Security Regulations." The ALJ found that "Dr. Watson's cavalier one sentence statement" was contradicted by Watson's own reports showing full range of spinal motion and his opinion that Lopez would be able to return to work by September 12, 1990. The ALJ may reject "a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.' " Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (quoting Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986)). Because Dr. Watson's opinion was conclusory and contradicted his own reports, the ALJ could disregard it.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we do not need to rely on the ALJ's credibility findings regarding Lopez, we do not express any opinion on whether those findings are clearly erroneous