108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cristina DE LA VEGA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary,* Commissioner
of Social Security, Defendant-Appellee.
 No. 95-55642.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 16, 1996.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cristina De La Vega appeals a judgment affirming the Commissioner's decision finding her "not disabled" under the Social Security Act. We affirm.
 
 
 3
 Cristina De La Vega was born June 22, 1942 and completed education in Mexico through the eighth grade. Her past work included employment as an office cleaner, an apartment cleaner, and a waitress. In 1978 De La Vega stopped working to stay home and care for her husband and child.
 
 
 4
 For the last nine years, De La Vega has regularly consumed alcohol. For the last five years, she has experienced pain in her hands from arthritis. She testified that she has tried to obtain work, but cannot because of alcoholism, depression, pain, poor eyesight, and fatigue. On September 26, 1991, Cristina De La Vega applied for supplemental security income ("SSI") benefits, alleging the inability to do work because of arthritis, headaches, and alcoholism.
 
 
 5
 De La Vega's claim was denied initially and on reconsideration. After a hearing, the administrative law judge (ALJ) found that De La Vega had not proven her claim. The Appeals Council denied review and the District Court adopted the findings of the ALJ. This appeal followed.
 
 
 6
 "Alcoholism is not per se disabling, but can constitute a disability if it is uncontrollable." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir.1993). To prove a disability, claimant must show that he is addicted to alcohol and cannot voluntarily control its use. Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir.1987). Once the claimant establishes alcoholism, the ALJ is required to make specific findings whether the claimant can control the use of alcohol and whether the alcohol use prevents the claimant from working. Clem v. Sullivan, 894 F.2d 328, 330-32 (9th Cir.1990). The claimant bears the burden of proving that her alcoholism prevents the performance of past work. Id., at 331-32.
 
 
 7
 Here, the ALJ made the required determinations. The ALJ found that De La Vega suffered from arthritic pain, use of alcohol, and depression. The ALJ also found that these impairments did not meet the requirements of any listed impairments, and that De La Vega was still capable of performing work, including her past relevant work as a house cleaner and a waitress.
 
 
 8
 These determinations are supported by substantial evidence. To find that De La Vega was still able to work, the ALJ properly relied on the reports of several doctors. Dr. Trabulus, a psychiatrist and neurologist, concluded that De La Vega would be able to make appropriate occupational and interpersonal adjustments. Dr. Maze, who performed a neurological evaluation, found that De La Vega had no limitation in her ability to sit, stand, push, pull, or carry. Dr. Casillas found she had been disabled from arthritis for only one month in 1992. Finally, Dr. Greenleaf, a psychiatrist, concluded that De La Vega would be able to work an eight hour day five days a week.
 
 
 9
 The only contrary medical evidence presented was a letter apparently prepared by, or for a Dr. Bansal, whom the claimant says was her "treating physician." In this letter, Dr. Bansal opined that De La Vega was disabled "due to her condition." This conclusion was not supported by any reference to any examination or other evidence or clinical findings. The ALJ was entitled to weigh this opinion against the findings of the four other doctors, as supported by clinical findings. The ALJ's decision that De La Vega was capable of working despite her alcoholism was therefore supported by substantial evidence.
 
 
 10
 De La Vega's principal objection to the ALJ's report is that he failed to give special weight to Dr. Bansal's letter because he was her treating physician. As a general proposition, the findings of a treating physician are entitled to deference. Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir.1994).
 
 
 11
 In this case, the ALJ properly found that Dr. Bansal was not De La Vega's treating physician. A treating physician is one the claimant sees for treatment and not merely for a report in support of benefits. 20 C.F.R. § 404.1502. To prove that Dr. Bansal was her treating physician, De La Vega relied on a one-page, handwritten letter on Dr. Bansal's letterhead, apparently signed by one "Miguel Moran." The letter itself gives only a conclusory diagnosis. It does not state that Dr. Bansal is De La Vega's treating physician. It does not state how many times Dr. Bansal saw De La Vega, or that he treated her at all. Accordingly, the ALJ could reasonably find that De La Vega did not show that Dr. Bansal was her treating physician.
 
 
 12
 De La Vega also argues that her impairments meet or equal those of Listed Impairment 12.04 (Affective Disorders) and 12.09 (Substance Addiction Disorders) of the Social Security Regulation's Listing of Impairments, 20 C.F.R. § 404.1501 et seq., Pt. 404, Subpt. P., App. 1. and that the ALJ erred in not finding her disabled. A claimant is disabled under this section when he or she is diagnosed with one of the impairments listed and the impairment is of sufficient severity or duration. Young v. Sullivan, 911 F.2d 180, 184 (9th Cir.1990); 20 C.F.R. § 404.1520. The findings required to establish that impairment must be contained in the record. Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir.1985); 20 C.F.R. § 1525(d). To determine medical equivalence to the impairments listed, the Commissioner compares the symptoms, signs, and laboratory findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. § 404.1526(a).
 
 
 13
 As evidence of her impairment, however, De La Vega relies on the diagnosis of Dr. Bansal. As discussed above, Dr. Bansal's diagnosis is contradicted by the diagnosis of other doctors. Also, Dr. Bansal's diagnosis is not supported by the clinical findings required. Finally, Dr. Bansal's letter is not entitled to special deference. Accordingly, substantial evidence supports the ALJ's determination that De La Vega's impairments do not meet or equal the impairments in the Social Security Listings.
 
 
 14
 De La Vega next argues that the ALJ incorrectly found that she could do medium work. De La Vega argues that the ALJ should have accepted Dr. Trabulus' opinion that she could carry only ten pounds. Dr. Trabulus' opinion was the only opinion on lifting power, and it was not supported by any finding in the record. Also, other evidence in the record, including some from Dr. Trabulus, shows no impairment in De La Vega's ability to lift. We need not pursue this issue, however, because De La Vega did not properly raise it in the prior proceedings. U.S. v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 15
 De La Vega next argues that the ALJ erred in finding that she could do her past relevant work. A claimant will not be found disabled if he or she has sufficient residual functional capability to perform his past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). All claimants, including those suffering from alcoholism, have the burden of showing that their impairment prevents them from performing their past work. Tylitzki v. Shalala 999 F.2d at 1415; Clem v. Sullivan, 894 F.2d at 330. To assess the claimant's capability to perform such work, a hearing officer will make findings about the nature of past work as it relates to claimant's disability. Social Security Regulation 82-62.
 
 
 16
 In this case, De La Vega did not show that she was unable to perform her past relevant work because of her impairment. During the claims process, De La Vega gave few specifics about her previous work. Also, she did not establish that her impairments would prevent her from returning to her past work as she did describe it. The ALJ used her description of her past work to find that her impairment would not prevent her from returning to this work. Accordingly, there is substantial evidence to support the ALJ determination that De La Vega had not met her burden of showing that her impairment would prevent her from performing her past work.
 
 
 17
 Fifth, De La Vega argues that the ALJ improperly discredited testimony by De La Vega's sister and nephew that De La Vega is continuously intoxicated. Observations by non-medical sources will be considered as to how an impairment affects a claimant's ability to work. 20 C.F.R. § 404.153(e)(2). Testimony by friends and family members is competent evidence and must be considered. Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir.1988) (citing Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.1987)). Nonetheless, the lay testimony need not be controlling, Id., nor even explicitly discussed in the ALJ opinion. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir.1984) (citing 42 U.S.C. § 423(d)(3) and Hall v. Secretary of HEW, 602 F.2d 1372 (9th Cir.1979)).
 
 
 18
 Here, the record shows that the ALJ did weigh and accept the testimony by De La Vega's sister and nephew. The testimony of the sister and nephew was that De La Vega drank a great deal. The ALJ explicitly found that De La Vega was an alcoholic and that her drinking appeared uncontrollable. This finding acknowledges the sister's and nephew's testimony. The ALJ was also correct, however, when he went on to consider other medical testimony. This other testimony convinced him that De La Vega still retained the residual functional capability to work, despite her alcoholism.
 
 
 19
 Finally, De La Vega argues that the ALJ should have called a vocational expert before finding De La Vega not disabled. The ALJ found De La Vega not disabled based on her ability to perform her past relevant work. See 20 C.F.R. § 416.920(e). The testimony of a vocational expert may be required only after the claimant has been found incapable of performing her past relevant work. Indeed, the case relied on by De La Vega, Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir.1988), arose in such a context. The ALJ was not required to call a vocational expert at this step in the Social Security disability determination.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3