131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josie MCWATTERS, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 97-55106.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.***
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the Southern District of California.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 BREWSTER, J.
 
 
 1
 MEMORANDUM**
 
 
 2
 Josie McWatters appeals the district court's summary judgment in favor of the Commissioner of the Social Security Administration in McWatter's action seeking supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de nova the district court's summary judgment upholding a denial of benefits. See Clem v. Sullivan, 894 F.2d 328, 320 (9th Cir.1990). We must affirm the decision if substantial evidence supports the findings of the Administrative Law Judge ("ALJ") and the ALJ applied the correct legal standards. See id. We consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See id.
 
 
 4
 McWatters contends that substantial evidence did not support the ALJ's decision to disregard her treating physician's opinion that McWatters can perform no lifting. We disagree.
 
 
 5
 The ALJ may disregard the treating physician's opinion by setting forth specific, legitimate reasons for doing so that are based on substantial evidence. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. (citation omitted).
 
 
 6
 The ALJ rejected the opinion of McWatter's treating physician that McWatters must avoid all lifting. As objective evidence, the ALJ relied upon the opinion of an examining physician who assessed McWatters as having no functional restrictions. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (noting that ALJ may rely on examining physician's opinion which contradicts treating physician's opinion for substantial evidence). The ALJ also properly considered that the treating physician's restriction from all lifting was inconsistent with McWatter's daily activities, which include lifting. See 20 C.F.R. § 416..927(d)(4) (providing that medical opinion that is consistent with record given more weight); see also Maqallanes, 881 F.2d at 751-52 (holding that ALJ properly rejected treating physician's opinion when inconsistent with other evidence in record). Finally, the ALJ noted that the treating physician's restriction on all lifting conflicted with another statement in his opinion that McWatter's should avoid only heavy lifting.[1] See 20 C.F.R. § 416.927(c)(2) (providing for consideration of internally inconsistent medical opinions with record as a whole). The ALJ set forth specific, legitimate reasons for rejecting the opinion of the treating physician which are supported by substantial evidence in the record. See Magallanes, 881 F.2d at 751.
 
 
 7
 Accordingly, the district court did not err by granting summary judgment in favor of the Commissioner. See Clem, 894 F.2d at 330.
 
 
 8
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is substituted for Shirley S. Chater. See Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also note that while the treating physician states that McWatter's should avoid all lifting, she is capable of performing sedentary work. This is inconsistent because sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." See 20 C.F.R. § 416.967(a)