**Rhonda YARBOUR, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

No. 05–35030.

D.C. No. CV–02–00264–KI.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 15, 2005.

David B. Lowry, Esq., Law Offices of David B. Lowry Columbia Business Center, Portland, OR, for Plaintiff-Appellant.

Craig J. Casey, Esq., USPO–Office of the U.S. Attorney, Portland, OR, Richard M. Rodriguez, Esq., Office of Regional Counsel, Lucille G. Meis, Esq., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before D.W. NELSON and O'SCANNLAIN, Circuit Judges, and BURNS,** District Judge.

MEMORANDUM ***

Rhonda Yarbour appeals the district court's judgment affirming the final decision of the Commissioner of Social Security determining that Yarbour was not entitled to Supplemental Security Income payments under 42 U.S.C. § 423.

Initially, we hold that the district court did not err either by declining to review the merits of a neuropsychological evaluation performed well after the ALJ issued his written opinion or by failing to remand for the evaluation of that evidence under 42 U.S.C. § 405(g). Yarbour has failed to meet the requirements that would entitle her to a remand for new evidence: (1) she has not shown that there is a reasonable possibility that the new evidence would have changed the outcome of the hearing, *Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir.2001); and (2) she has not shown good cause for her failure to present the evidence earlier, *Clem v. Sullivan,* 894 F.2d 328, 332 (9th Cir.1990).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, *United States* District Judge for the Southern District of California, sitting by designation.

Upon *de novo* review of the record, *Uko-lov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir.2005), we find persuasive the district court's opinion and order signed December 16, 2004. The Commissioner's final decision that Yarbour was not disabled from January 1, 1992, to November 29, 2001, was supported by substantial evidence and free of legal error. *Mayes*, 276 F.3d at 458–59. If new evidence establishes Yarbour's disability as of some date thereafter, her only recourse is to file a new application.

AFFIRMED.

---

* Because the panel unanimously finds this case suitable for decision without oral argument, appellant's request is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.