**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA LOUISE JONES,

          Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No.    14-35314

D.C. No. 3:13-cv-05852-KLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted March 20, 2017[**]

Before:  GOODWIN, LEAVY and SILVERMAN, Circuit Judges.

    Maria Louise Jones appeals pro se from the denial of her application for

disabled widow's insurance benefits and supplemental security benefits under

Titles II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The Administrative Law Judge ("ALJ") did not err in failing to discuss medical records from an August 2005 examination by Vatche Cabayan, M.D., because (1) those records significantly pre-dated Jones's amended onset date, and (2) they were not supported by an explanation or clinical findings. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative.").

The district court did not err in declining to remand for consideration of additional records related to and referenced by Dr. Cabayan because the records were not new and Jones offered no explanation for failing to include them in the record that was before the ALJ responsible for considering the applications Jones filed in December 2010. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990)

("A claimant seeking remand must demonstrate that there is 'new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" (quoting 42 U.S.C. § 405(g)). Moreover, Jones has not shown that there is a reasonable possibility that the additional records, all of which significantly pre-dated Jones's onset date, would have affected the ALJ's determination of whether Jones was disabled as of October 5, 2010. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) ("To be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute." (citation and internal quotation marks omitted)); *see also Carmickle*, 533 F.3d at 1165.

**AFFIRMED.**