**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDDY LETROY NEW,

              Plaintiff - Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

              Defendant - Appellee.

No. 14-35973

D.C. No. 3:13-cv-00094-SLG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted March 27, 2017[**]

Before: GOODWIN, LEAVY and SILVERMAN, Circuit Judges.

    Eddy Letroy New appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of New's application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review the district court's order de novo and may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

We construe New's request that this court consider new evidence not included in the administrative record as a request for remand under 42 U.S.C. § 405(g). *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). We decline to remand for the agency to consider the new evidence because New has made no showing that the photographs he submitted for the first time to the district court, records from his prior supplemental security income claim, or December 2012 records from Alaska Heart Institute are material or that good cause existed for failing to incorporating them into the administrative record. *See id.* (requirements for remand under § 405(g)).

The ALJ did not err in failing to include fibromyalgia among New's medically determinable impairments at step two in the sequential evaluation process because the record before the ALJ was devoid of medical evidence of treatment for, or a diagnosis of, fibromyalgia. *See Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996) (a claimant must "produce objective medical evidence of an impairment or impairments").

2

The ALJ identified several specific, clear and convincing reasons that are supported by substantial evidence for discounting New's credibility regarding the debilitating effects of his symptoms: (1) New's sporadic employment history prior to the alleged disability onset date undermined his allegations of an inability to work, (2) New's statements in support of his application for unemployment benefits were inconsistent with his allegations of disability, (3) a doctor's notation that New was heavily muscled was inconsistent with New's testimony that he was inactive, (4) the severity of symptoms that New reported was inconsistent with his treatment seeking behavior, and (5) New's symptoms were reasonably well controlled with appropriate treatment. *See Molina*, 674 F.3d at 1113 (upholding adverse credibility determination where the claimant's symptom testimony was inconsistent with record medical evidence); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008) (holding oneself out as available for full-time work in order to obtain unemployment benefits is inconsistent with allegations of disability); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (a poor work history reflecting "little propensity to work in her lifetime" undermined claimant's allegations); *Smolen*, 80 F.3d at 1284 (listing "observations of treating and examining physicians" among the factors relevant to credibility determinations). Any error in basing the adverse credibility determination in part

on New's medical non-compliance was harmless because the ALJ supported that determination with other specific, clear and convincing reasons. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

To the extent that New seeks to challenge the residual functional capacity ("RFC") assessment for light work with environmental limitations on concentrated exposure to extreme cold and heat, excessive vibration, fumes, odors, dust and gasses, all of the limitations included in the RFC were supported by, and consistent with, substantial record evidence. New has not identified any record evidence that would support the imposition of different or additional environmental limitations.

The ALJ was not obliged to consider Americans with Disabilities Act ("ADA") accommodations in making the disability determination. *See Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 800-04 (1999) (contrasting the purpose and requirements of the Social Security Act and the ADA).

**AFFIRMED.**