**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB SANTIAGO PONCE ALVARES, | No. 15-35920 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00379-JPD |
| v. | |
| NANCY A. BERRYHILL, Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted March 23, 2018[**]

Before:      FARRIS, CANBY and LEAVY, Circuit Judges.

Jacob Santiago Ponce Alvares appeals pro se from the district court's

judgment affirming the decision of the Commissioner of Social Security denying

his application for a period of disability and disability insurance benefits under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

When liberally construed, Alvares' brief includes an assertion that the administrative law judge ("ALJ") erred in evaluating his testimony on the severity of his symptoms and limitations. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016). Alvares did not raise this or any similar issue in district court. Because there is no indication in Alvares' brief or the administrative record that our review of this issue is necessary to prevent a miscarriage of justice or preserve the integrity of the judicial process, we decline to consider it. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

We construe Alvares' submission of new evidence to this court as a request to remand under 42 U.S.C. § 405(g). *See Garmon*, 828 F.3d at 846. We decline to remand for the agency to consider this evidence because Alvares has made no showing that this new evidence, particularly the letters from his treating providers, is material to his case and that there exists good cause for his failure to incorporate it into the administrative record. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990) (quoting 42 U.S.C. § 405(g)).

**AFFIRMED.**