NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICTORIA MCCLAIN,

               Plaintiffs-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant-Appellee.

No.   20-36112

D.C. No. 2:20-cv-00248-MLP
Western District of Washington,
Seattle

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted July 8, 2022[**]
Seattle, Washington

Before:  BUMATAY and HAWKINS, Circuit Judges, and MOSKOWITZ,[***]
District Judge.

      Victoria McClain appeals from the district court's order affirming the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Commissioner's denial of her claim for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or relied on legal error. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). If the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

1. Substantial evidence supports the ALJ discounting McClain's testimony. The ALJ offered clear and convincing reasons for rejecting McClain's testimony based on inconsistencies with the record. For example, although McClain claimed she was physically and mentally incapable of work, evidence suggested that she is generally self-sufficient, can take transportation, and can maintain good relationships with her sisters. These reported activities undermine McClain's assertion that she is afraid of people and stays in her room "all day long." Moreover, substantial evidence supports the ALJ's determination that McClain's mental allegations are not reasonably disabling. Examining source, Dr. Alex Crampton, deemed McClain fit to work from a mental health standpoint and treating physician Dr. Joshua Johnston described her as having a normal mood and affect as well as having appropriate reasoning and insight.

McClain also challenges the reduced weight given to the testimony of her sister, Roxanne Portteus, who testified that McClain's anxiety and poor judgment resulted in McClain experiencing difficulties working for Portteus and her husband. While an ALJ may not reject lay testimony simply because the witness is a family member, *see Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996), the ALJ discounted Portteus's testimony for germane reasons. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (ALJ may discount lay testimony for express germane reasons). The ALJ considered her testimony but gave more weight to the opinions of the treating medical providers. *See Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 694 (9th Cir. 2009) (where an ALJ discounted a claimant's testimony for inconsistencies with the medical evidence, the ALJ properly discounted a lay witness's similar testimony). Moreover, the ALJ took into account McClain's functional limitations in his residual functional capacity determination.[1]

2. Substantial evidence supports the ALJ's weighing of the medical opinion evidence. While McClain claims the ALJ applied the incorrect standard to the medical evidence, the ALJ properly applied the pre-2017 standard which recognized

---

[1] McClain points to new evidence in the record submitted after the hearings but does not explain how the new records are material or undermine the ALJ's decision where it is otherwise supported by substantial evidence. *See Clem v. Sullivan*, 894 F.2d 328, 332–33 (9th Cir. 1990); *see also* 42 U.S.C. § 405(g). McClain has also failed to show good cause for failing to incorporate these records in the proceedings given that the ALJ provided counsel multiple opportunities to obtain the records. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

three types of medical opinion evidence, treating, examining, and nonexamining, with more weight generally afforded in descending order. The ALJ significantly credited Dr. Crampton, who concluded that McClain "appears to be fit to work from a [mental health] standpoint as it seems as though her physical problems are of primary concern," and any impairments would last only 6 months. The ALJ found that Dr. Crampton's examining-source opinion was consistent with the reported activities throughout the record. Moreover, the ALJ credited other medical evidence supporting Dr. Crampton's conclusion, including Dr. Olegario Ignacio's opinion that McClain's anxiety and affective disorders are "non severe," and that McClain can lift and carry some weight and remain relatively mobile during the workday. While McClain argues that Dr. Crampton's report is merely a "check box," the report also includes Dr. Crampton's five-page narrative explaining his conclusions and analysis. *See Ford*, 950 F.3d at 1155 (holding that an ALJ may consider the quality of the medical explanation).

Next, McClain challenges the reduced weight given to the opinion of her treating therapist, Julia Kocian. A therapist is not generally an acceptable medical source under the regulations in effect at the time McClain filed her claim. *See* 20 CFR § 404.1513(d) (2013). The ALJ gave Kocian's opinion "some" weight, but noted that her conclusion that McClain would encounter difficulty in a place of work due to her significant mental impairments was contravened by evidence of McClain's

demonstrated abilities, including traveling, shopping, and socializing. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (ALJ may discount testimony from other sources if the ALJ provides germane reasons for doing so). The ALJ did not err in his assessment of the medical evidence.

3. The ALJ conducted a full and fair hearing and properly developed the record. First, the ALJ did not err in declining to call a medical advisor. While McClain speculates that the onset date of her disability was earlier than reported, McClain points to no ambiguities in the record supporting the need to consult a medical advisor. *See Wellington v. Berryhill*, 878 F.3d 867, 875–76 (9th Cir. 2017). Second, while the ALJ cut off counsel during his questioning of Portteus, the ALJ provided counsel the opportunity to submit further written testimony. And the ALJ also informed McClain that she would be provided 15 minutes for her testimony, and counsel had concluded questioning McClain before his time expired.

Finally, McClain argues that the ALJ erred at step five in (1) determining that McClain could perform past work as a gas station attendant and (2) in disregarding the vocational expert's opinion on McClain's off-task behavior percentage. However, the ALJ made his finding of mobility at *step four*,[2] finding that McClain

---

[2] McClain's argument that she should have been "gridded out" is not applicable because the medical-vocational guidelines, or "Grids," are applied at step five in cases in which a claimant is found to be unable to perform past work. *See* 20 C.F.R. Part 404, Subpt. P, App. 2.

could perform her prior relevant work.[3] The ALJ asked the vocational expert to assume a hypothetical based on McClain's circumstances, who concluded that McClain could perform her past work with a seven percent off-task percentage. While counsel for McClain asked the vocational expert to opine on if she could work with a ten percent off-task percentage, this figure is contrary to the ALJ's findings, which are supported by substantial evidence. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").

4. For the first time on appeal, McClain argues that the ALJ's decision is invalid because 42 U.S.C. § 902(a)(3) unconstitutionally restricts the President's power to remove the Commissioner. We recently held that § 902(a)(3) does violate separation of powers principles. *Kaufmann v. Kijakazi*, 32 F.4th 843, 849 (9th Cir. 2022). However, McClain has not shown how the removal provision "actually caused her harm." *Id.* at 849 (citing *Collins v. Yellen*, 141 S. Ct. 1761, 1788–89 (2021)). The alleged harm McClain claims to have suffered—that the unconstitutional structure of the SSA inherently resulted in the denial of her benefits because there existed no accountability—is not congruent with the examples of harm set forth in *Collins* and is more akin to speculative harm rejected in *Kaufmann*. *Collins*, 141 S. Ct. at 1789;

---

[3] The ALJ refers to McClain's prior work as a "gas station attendant," but McClain had worked for her sister's business called "Affordable Gas Service."

*Kaufmann*, 32 F.4th at 850. Furthermore, McClain's ALJ was appointed by an acting Commissioner who was not subject to the alleged unconstitutional removal provision and was instead removable at-will. The ALJ's decision was not invalid.

**AFFIRMED.**