**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARY D. SAM,

               Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

               Defendant - Appellee.

No. 14-36109

D.C. No. 4:13-cv-00013-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted September 12, 2016[**]

Before:    PREGERSON, LEAVY and OWENS, Circuit Judges.

    Gary D. Sam appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Sam's application for supplemental

security income (SSI) under Title XVI of the Social Security Act.  We have

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Sam requests a remand, stating in his opening brief that the Commissioner approved a new disability claim he filed in April 2014. Remand is not warranted because Sam's statement is unsubstantiated, and he fails to show how a subsequent award of benefits is material to the outcome of his claims decided in April 2012. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (concluding that a subsequent award of benefits was not inconsistent with a prior denial of the claimant's initial application where the second application involved different medical evidence, a different time period, and a different age classification).

The district court correctly concluded that Sam had timely, actual notice of the April 30, 2012 adverse decision of the Administrative Law Judge (ALJ). Sam has not shown that he was denied notice and an opportunity to be heard. *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001).

Sam contends that the medical evidence reflects that he was disabled. The ALJ's non-disability determination in April 2012 was supported by substantial evidence, and the district court did not abuse its discretion in refusing to remand to the agency on the basis of additional evidence. 42 U.S.C. § 405(g)*; Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990).

The June 21, 2012 treatment note from David W. Templin, M.D., stating that Sam was "disabled," was submitted to the Appeals Council and was part of the administrative record. Dr. Templin's notation that Sam was "disabled," however, does not constitute a medical opinion; rather, it is an statement on an issue that is reserved to the Commissioner: whether Sam meets the statutory definition of "disability." *See McLeod v. Astrue*, 640 F.3d 881, 884 (9th Cir. 2011) (affirming the ALJ's rejection of medical opinion that claimant "could not work at all" because "this determination is for the Social Security Administration to make, not a physician"); 20 C.F.R. § 416.927(d)(1). As a result, it does not undermine the substantial evidence in support of the ALJ's residual functioning capacity (RFC) assessment.

Additionally, Sam failed to establish a reasonable possibility that the new medical evidence he presented in the district court would have changed the outcome of the administrative hearing, or that good cause existed for his failure to incorporate that evidence into the record before the agency. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *Clem*, 894 F.2d at 332. For example, the July 16, 2013 letter from psychiatrist, Jean C. Purvis, M.D., post-dated by more than a year the ALJ's adverse decision. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (concluding that medical reports issued after the Commissioner's decision

3

were "less persuasive"). Moreover, although other medical records Sam submitted to the district court were "new" in the sense that they were not included in the administrative record that was before the ALJ in 2012, they are either so old as to not be material, or they are duplicative of record evidence that was before the ALJ in March 2012. *Mayes*, 276 F.3d at 462.

**AFFIRMED.**